CARL SCHWIN v. RANDOLPH PERKINS.

Argued November 6, 1908—Decided February 23, 1909.

A tenant may surrender a lease by parol, and after he has sur-
    rendered it can have no right of possession or entry under it.
    Evidence of such surrender does not contradict the lease;  it
    admits its existence, but undertakes to avoid its operation by
    subsequent matters, and in an action of forcible entry and de-
    tainer, the overruling of parol evidence tending to show that a
    tenant had surrendered his lease and possession thereunder to
    his landlord is a legal error.

On *certiorari.*

Before Justices REED, BERGEN and MINTURN.

For the prosecutor, *Marshall Van Winkle.*

For the defendant, *Hartshorne, Insley & Leake.*

The opinion of the court was delivered by

BERGEN, J.   This action was brought in the First District
Court of Jersey City by the defendant in *certiorari,* a tenant,
against his landlord, the prosecutor, for forcible entry and
detainer.   There was a judgment for the tenant which the
prosecutor, by his writ of *certiorari,* seeks to reverse.

We find that the tenant was in possession of the premises
which he claims were forcibly entered and detained by the
prosecutor;  that his right to possession rested upon a lease
which expired November 1st, 1908;  that the landlord, during
the term named in the lease, forcibly entered and detained the
premises, ejecting the tenant therefrom, and that the tenant
was lawfully in possession unless he had surrendered his lease
and consented to the taking of possession by the landlord as
claimed by him.

The principal point raised by the prosecutor is the over-
ruling by the trial court of all testimony offered tending to

show that the tenant had surrendered his lease and abandoned the possession of the building to the prosecutor. In support of his case the plaintiff had offered in evidence a lease for the premises for a term beginning May 1st, 1908, and ending November 1st, 1908, and testified that he had been in possession of the premises under that lease until September 3d, 1908, when he was evicted by the prosecutor. On cross-examination he was asked, "Did you agree with Mr. Perkins in the month of August, 1908, to surrender to him the store at 47 Montgomery street?" This question was objected to and overruled, as were several other questions relating to the surrender of the lease by the tenant to his landlord. The record also shows that the defendant, the prosecutor here, was asked a series of questions relating to conversations had by him with the plaintiff in August, 1908, regarding the surrender of the lease and possession of the premises prior to the time of the alleged eviction, all of which being objected to were overruled, and a verdict directed for the plaintiff. This was erroneous, because the offer of the defendant was to prove that the plaintiff had surrendered the lease and his right to the possession of the premises thereunder. A party may surrender a lease by parol, and after he has surrendered it can have no right of possession or entry. *Mairs* v. *Sparks,* 2 *South.* 592. Evidence of this character does not contradict the lease; it admits its existence, but undertakes to avoid its operation by subsequent matters.

We also think that there was error in overruling the cross-examination of the plaintiff with reference to his surrender of the lease, because the plaintiff's case depended upon his possession. He had testified that he was in possession, but such possession must be a lawful one; if he was a trespasser he could not sustain his action, and we think it was competent on cross-examination to show by him that he had surrendered his lease, upon which his right to possession depended, and also that he had consented to the landlord's entry, for his complaint, upon which his action rested, alleged a leasehold estate then in force. This he had sought to sus-

tain by offering in evidence his lease, and it was competent to show on cross-examination that he had surrendered and abandoned the lease and his right to possession thereunder.

The judgment below is reversed.